IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:02-1171-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Samaria Norris, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's letter, dated March 16, 2011, wherein she requests that this court direct her placement in a halfway house or order that the remainder of her sentence be served on home confinement. The Clerk is directed to file this letter as of the filing date of this Order.

Defendant's letter, construed as a motion to alter designation location, must be **denied**. The location where a defendant serves her sentence is purely a matter within the purview of the United States Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 331 (1992) ("The Attorney General, through the Bureau of Prisons (BOP), has responsibility for imprisoning federal offenders."). *See also* C.F.R. § 0.96 ("[t]he Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment or persons . . . charged with or convicted of offenses against the United States . . . ."). Therefore, the amount of time that a Defendant may spend in a halfway house is a matter committed to the discretion of the BOP. Additionally, this court is without jurisdiction to order any adjustment in Defendant's sentence such as she requests.

Defendant's motion is, therefore, **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 22, 2011